**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

PRISCILLA CHAVOUS & TREVON
CHAVOUS,

                  Plaintiff,

     v.                                    5:25-CV-00562 (AMN/MJK)

M&T BANK, KATHERINE ZHENG,
DAVID WILSON, SUPREME
ASSOCIATES INT., ALEXIA
RODRIGUEZ,

                  Defendants.

---

**APPEARANCES:**

**PRISCILLA CHAVOUS**
**TREVON CHAVOUS**
139 Maple Ter.
Syracuse, New York 13210
Plaintiffs, *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

**I.     INTRODUCTION**

On May 6, 2025, Plaintiffs Priscilla and Trevon Chavous commenced this action *pro se*

against M&T Bank, Katherine Zheng, David Wilson, Alexia Rodriguez, and "Supreme Associates

Int.," alleging that they sold Plaintiffs a defective home under false pretenses and failed to make

certain Truth in Lending disclosures.  Dkt. No. 1 ("Complaint").  The same day, Plaintiffs sought

leave to proceed *in forma pauperis* ("IFP").  Dkt. Nos. 2, 3.

This matter was referred to United States Magistrate Judge Mitchell J. Katz, who reviewed

the Complaint pursuant to 28 U.S.C. § 1915(e), and on May 19, 2025, granted Plaintiffs' request

to proceed IFP and recommended that the Complaint be dismissed without prejudice and with leave to amend. Dkt. No. 7 ("Report-Recommendation"). Magistrate Judge Katz advised that, pursuant to 28 U.S.C. § 636(b)(1), the Parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id*. at 9-10. Magistrate Judge Katz also advised that "before Plaintiff[s] submit[] any amended pleading, [they] should wait for the District Court to rule on the above Orders and Recommendations." *Id.* at 9. Nevertheless, rather than filing objections, Plaintiffs filed an Amended Complaint on June 9, 2025. Dkt. No. 8. While doing so was procedurally improper, in consideration of Plaintiffs' *pro se* status, the Court will consider the Amended Complaint to the extent any of the modifications are relevant in assessing the Report-Recommendation.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.     STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.    DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which no party has raised a specific objection, finding no clear error therein, including the background and the legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision.

The Report-Recommendation recommends that the Complaint be dismissed pursuant to Fed. R. Civ. P. 8. *See* Dkt. No. 7 at 5-8. First, with regard to Defendants Wilson, Rodriguez, and Supreme Associates Int., Magistrate Judge Katz determined that the Complaint does "not assert, indicate, or come within shouting distance of stating a legal claim," and that the allegations as to those Defendants "is an 'unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* at 6-7 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Second, with regard to Defendants M&T Bank and Zheng, Magistrate Judge Katz acknowledged that, although the Complaint stated that there is "no Truth in Lending Disclosures," he determined that such an allegation was insufficient to state a claim, since the Complaint "neither indicates who failed to include the document [nor] say whether [Defendants] were aware of the house's dilapidated condition." *Id.* at 7. Magistrate Judge Katz also noted that, since Plaintiffs live in Syracuse, which is the same location of the

purported defective property, "it would be odd if they decided to purchase a home without visiting it." *Id.*[1]

Having reviewed the Complaint with the special solicitude afforded to *pro se* pleadings, the Court agrees with Magistrate Judge Katz's findings and recommendations for the reasons set forth in the Report-Recommendation, seeing no clear error therein.  With respect to Plaintiffs' Amended Complaint, the Court finds, after *de novo* review, that it does not remedy the issues outlined in the Report-Recommendation and therefore should similarly be dismissed.  Indeed, the only substantive additions to the Amended Complaint are lists of conclusory legal violations below the names of each Defendant.  *See, e.g.*, Dkt. No. 8 at 12 ("Katherine Zheng. Violation of Corporate Charter Laws. Violation of Consumer Protection Laws. Violation of Anti-Trust Laws. . . ."). However, as the Report-Recommendation acknowledges, these types of vague or conclusory allegations are insufficient to satisfy Fed. R. Civ. P. 8.  *See* Dkt. No. 7 at 6.  And while the Amended Complaint also attaches, without context, various highlighted documents that appear to relate to the sale of the alleged dilapidated home, these documents do not address (1) who specifically failed to make Truth in Lending disclosures; or (2) Defendants' knowledge of the home's alleged condition when they sold it to Plaintiffs.  *See id.* at 16-42.

Accordingly, the Report-Recommendation is adopted in its entirety, and the Complaint and Amended Complaint are dismissed without prejudice.

IV.    **CONCLUSION**

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 7, is **ADOPTED in its entirety**; and the Court further

---

[1] The Report-Recommendation also recommends that Plaintiffs' duress claim be dismissed since "duress is not a claim but rather an affirmative defense."  Dkt. No. 7 at 8 n.4.

**ORDERS** that the Complaint, Dkt. No. 1, as well as the Amended Complaint, Dkt. No. 8, are **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that any further amended complaint must be filed within **thirty (30) days** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff files a timely amended complaint, it shall be referred to Magistrate Judge Katz for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.[2]

    **IT IS SO ORDERED.**

Dated: July 17, 2025
      Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

---

[2] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein.